| | |
|---|---|
| 1 | MAYER BROWN LLP |
| | JOHN NADOLENCO (SBN 181128) |
| 2 | *jnadolenco@mayerbrown.com* |
| | STEVEN E. RICH (SBN 198412) |
| 3 | *srich@mayerbrown.com* |
| | 350 South Grand Avenue, 25th Floor |
| 4 | Los Angeles, CA  90071-1503 |
| | Telephone: (213) 229-9500 |
| 5 | Facsimile:  (213) 625-0248 |
| 6 | Attorneys for Defendants |
| | CITIBANK, N.A. AND CITIMORTGAGE, |
| 7 | INC. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| GLORIA STITT, RONALD STITT, MARK ZIRLOTT, and TERRI LOUISE ZIRLOTT, individually, and on behalf of other members of the general public similarly situated, | Case No. 4:12-cv-3892-YGR |
| Plaintiffs, | **[PROPOSED] STIPULATED F.R.E. 502(d) ORDER** |
| v. | |
| CITIBANK, N.A., a national association, and CITIMORTGAGE, INC., a New York corporation, | |
| Defendants. | |

## STIPULATED F.R.E. RULE 502(d) ORDER

1. This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence and hereby amends, as necessary, the Protective Order entered by this Court on August 20, 2013 (Doc. 27). Subject to the provisions of this Order, if a party (the "Disclosing Party") discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

2. A Disclosing Party may notify the party receiving the Protected Information (the "Receiving Party") at any time in writing that it has disclosed that Protected Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work produce protection in accordance with paragraph 3—promptly: (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has, and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information.

3. If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within five business days of receipt of the notice of disclosure—move the Court for an order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged

information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

4. The parties may stipulate to extend the time periods contained herein.

5. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

6. The Disclosing Party retains the burden—upon challenge pursuant to paragraph 3—of establishing the privileged or protected nature of the Protected Information.

7. Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information.

8. This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection.  The provisions of Federal Rule of Evidence 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

9. The provisions of Federal of Evidence 502(b) are inapplicable to the production of Protected Information under this Order.

10. This Order is entered pursuant to Federal Rule of Civil Procedure 26(c)(1).

11. The parties hereby agree to abide by the terms of this Order during any interim period prior to its entry and shall continue to abide by its terms after its entry absent a contrary order of the Court.

**IT IS SO STIPULATED on October__ 2014:**

| | | |
|---|---|---|
| Dated: October 16, 2014 | | MAYER BROWN LLP |
| | | By: /s/Debra Bogo-Ernst |
| | | Debra Bogo-Ernst |
| | | Steven E. Rich |
| | | Attorneys for Defendants CITIBANK, N.A. AND CITIMORTGAGE, INC. |
| Dated: October 16, 2014 | | BARON & BUDD P.C. |
| | | By: /s/Mark Pifko |
| | | Daniel Alberstone (SBN 105275) |
| | | Roland Tellis (SBN 186269) |
| | | Mark Pifko (SBN 228412) |
| | | Attorneys for Plaintiffs GLORIA STITT, RONALD STITT, MARK ZIRLOTT, and TERRI LOUISE ZIRLOTT, individually and on behalf of the general public similarly situated. |

**IT IS SO ORDERED:**

**Dated:** 10/17/14

_____
Joseph
United                     dge

*(Signature and seal: Judge Joseph C. Spero, United States District Court, Northern District of California)*

-4-
[PROPOSED] STIPULATED F.R.E. 502(D) ORDER. CASE NO. 4:12-CV-3892-YGR