MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
*jnadolenco@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

LUCIA NALE (*pro hac vice*)
lnale@mayerbrown.com
DEBRA BOGO-ERNST (*pro hac vice*)
*dernst@mayerbrown.com*
STEPHEN J. KANE (*pro hac vice*)
skane@mayerbrown.com
MICHAEL H. BORNHORST (*pro hac vice*)
mbornhorst@mayerbrown.com
71 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711

Attorneys for Defendants
CITIBANK, N.A. AND CITIMORTGAGE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| GLORIA STITT, RONALD STITT, MARK ZIRLOTT, and TERRI LOUISE ZIRLOTT, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITIBANK, N.A., a national association, and CITIMORTGAGE, INC., a New York corporation,<br><br>Defendants. | Case No. 4:12-cv-3892-YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL AUTHORITY REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

During oral argument on Citi's motion for summary judgment, Plaintiffs cited *Mazzei v. Money Store*, 2016 WL 3876518 (2d Cir. July 15, 2016). Because Plaintiffs had not informed Citi of their intention to rely on *Mazzei* before argument, the Court granted Citi leave to file a response to Plaintiffs' reliance on *Mazzei*. ECF 202 at 26. Citi therefore submits this response.

In *Mazzei*, plaintiff alleged that The Money Store breached plaintiff's mortgage by overcharging for late fees. The district court decertified a class of borrowers whose loans were owned or serviced by The Money Store because there was no class-wide evidence that borrowers whose loans were merely serviced by The Money Store were in privity of contract with The Money Store. The Second Circuit affirmed. In doing so, the Second Circuit rejected plaintiff's reliance on his purported expert—Professor Adam Levitin—who testified that borrowers generally can sue servicers for breach of contract. 2016 WL 3876518, at *7.

Plaintiffs suggested at oral argument that their fraud claim should be upheld because *Mazzei* purportedly makes clear that they lacked the privity needed to state a claim for breach of contract. ECF 202 at 4-5. This suggestion fails for four reasons. First, Plaintiffs waived the point. In their brief opposing summary judgment, Plaintiffs did not argue that their fraud claim should be upheld on the ground that they lack the privity needed to assert a breach of contract. Plaintiffs instead argued that their fraud claim goes "beyond a mere breach of a contract[]" because Citi supposedly "significantly exceeded [its] authority under the … mortgage contract." ECF 182 at 5. Nor is this an argument that was unavailable before *Mazzei*. The district court's decision in *Mazzei*—issued in 2015—cited many cases in holding that servicers are not "automatically" in privity with borrowers. *Mazzei v. Money Store*, 308 F.R.D. 92, 109-10 & n.7 (S.D.N.Y. 2015). And contrary to their position now, Plaintiffs offered purported expert testimony from Professor Levitin. Consistent with his testimony in *Mazzei*, Levitin suggested that Plaintiffs could have asserted breach-of-contract claims against Citi. ECF 170-52 at 3-6 (Bornhorst Dec., Ex. D at 49-50, 91-92). Plaintiffs' privity argument thus confirms this Court's observation that "Plaintiffs' claims have transformed repeatedly and significantly." ECF 163 at 2.

Second, although *Mazzei* makes clear that a servicer-borrower relationship does not by itself create the privity needed to state a claim for breach of contract against the servicer, *Mazzei*

- 1 -

1    did not hold that all borrowers lack the ability to sue their servicer for breach of contract. Instead,
2    the Second Circuit held only that there was no "class-wide evidence" to prove privity. 2016 WL
3    3876518, at *6-*7. The district court likewise held only that a servicer is not "automatically" in
4    privity with the borrower "where the servicer was not also the original lender." 308 F.R.D. at 110.

5    Moreover, in *Mazzei*, the district court held that borrowers "whose loans were originated
6    by" The Money Store had "a contractual relationship" with The Money Store. *Id.* at 112. ABN
7    AMRO Mortgage Group, Inc. ("ABN AMRO") originated the Stitts' loan. ECF 170-4 at 2
8    (Barley Dec., Ex. 1 at CITI-STITT00000677). ABN AMRO merged into CitiMortgage, Inc. in
9    2007. *See, e.g.*, *CitiMortgage, Inc. v. Espinal*, 23 N.Y.S.3d 251, 252 (App. Div. 2015). Thus,
10   although CitiMortgage did not own the Stitts' loan when the challenged inspections were
11   imposed, the Stitts had a "contractual relationship" with CitiMortgage *via* the ABN AMRO-
12   CitiMortgage merger.

13   Third, even if Plaintiffs could not state a breach-of-contract claim against Citi under
14   *Mazzei*, Plaintiffs are in privity with the owners of their loans. A lack of privity thus would not by
15   itself have barred Plaintiffs from stating a contract claim against the owners of their loans.

16   Fourth, even if Plaintiffs could not state a breach-of-contract claim against Citi, *Mazzei*
17   does not suggest that borrowers can maintain a fraud claim against their servicer based on an
18   alleged breach of the mortgage. And because plaintiff did not assert a claim for fraud in *Mazzei*,
19   the Second Circuit did not suggest that borrowers could establish a fraud claim under facts like
20   those presented here. To take just one example, Plaintiffs have cited default letters disclosing that
21   Citi would inspect Plaintiffs' properties "in accordance with the terms of the Mortgage Note/Deed
22   of Trust or as required by the Investor/Guarantor of this loan." ECF 170-7 at 2 (Barley Dec., Ex.
23   3 at CITI-STITT00000664). Those letters' use of the word "or" makes clear that Citi did not
24   represent that the inspections were investor-required. Moreover, the Stitts testified that they relied
25   only on Citi's monthly statements in paying inspection fees (ECF 181-20 (Pifko Dec., Ex. 11 at
26   213-14)), denying that they even received the default letters. ECF 170-49 at 8-9 (Bornhorst Dec.,
27   Ex. A at 48, 50) (citing Barley Dec., Exs. 3, 7). And Plaintiffs cited no evidence that the Zirlotts
28   relied on the default letters. ECF 182 at 14. *Mazzei* thus does not help Plaintiffs prove fraud.

Dated: August 2, 2016                     MAYER BROWN LLP

                                          By: /s/  Stephen J. Kane
                                              Lucia Nale
                                              Debra Bogo-Ernst
                                              Stephen J. Kane